UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSEM HOSSEIN,<br><br>Petitioner,<br><br>v.<br><br>SACRAMENTO COUNTY MAIN JAIL,<br><br>Respondent. | No. 2:15-cv-1529 AC P<br><br><br><br>ORDER |

Petitioner, a state pretrial detainee proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 2. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

A pretrial detainee's habeas petition is properly considered under § 2241 rather than § 2254 because a pretrial detainee is not "in custody pursuant to the judgment of a State court." Stow v. Murashige, 389 F.3d 880, 885 (9th Cir. 2004). However, the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas

1 Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the
2 petition and any attached exhibits that the petitioner is not entitled to relief in the district court."
3 "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears
4 that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440
5 F.2d 13, 14 (9th Cir. 1971).

6 Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3),
7 exhaustion is necessary as a matter of comity, unless special circumstances warrant federal
8 intervention prior to a state criminal trial. See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.
9 1980); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-91. "The rule of
10 exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity"
11 and the "comity considerations are not limited to challenges to the validity of state court
12 convictions." Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). "As an exercise of judicial
13 restraint . . . federal courts elect not to entertain habeas corpus challenges to state court
14 proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]."
15 Carden, 626 F.2d at 83.

16 The petition states that petitioner has not exhausted his administrative remedies in this
17 case. ECF No. 1 at 1. Petitioner alleges that "in this case there is no administrative remedy
18 available; therefore, the court should except [sic] this petition, since no timely or potentially
19 effective administrative remedy exists." Id. at 1-2. However, petitioner does not offer an
20 explanation as to why state remedies are not available to him or otherwise describe special
21 circumstances warranting federal intervention. Therefore, petitioner will be required to show
22 cause why his failure to exhaust state remedies should be excused.

23 IT IS HEREBY ORDERED that:
24 1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted.
25 ////
26 ////
27 ////
28 ////

2. Within thirty days of service of this order, petitioner must show cause why his failure to exhaust his state court remedies should be excused. Failure to respond to this order will result in dismissal of the petition.

DATED: January 15, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE